A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Dec 04, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 4 2008

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Dec 04, 2008

FILED
CLERK'S OFFICE

IN RE: CLASSICSTAR MARE LEASE
LITIGATION

Peter Fortenbaugh, et al. v. ClassicStar Financial )
Services, Inc., et al., N.D. California, C.A. No. 5:08-3898 )          MDL No. 1877

## TRANSFER ORDER

**Before the entire Panel:**[*] Plaintiffs in an action pending in the Northern District of California have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Eastern District of Kentucky for inclusion in MDL No. 1877. Defendant GeoStar Corp. (GeoStar) opposes the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Kentucky, and that transfer of this action to the Eastern District of Kentucky for inclusion in MDL No. 1877 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Kentucky was a proper Section 1407 forum for actions in which plaintiffs allege harm from the promotion and operation of the ClassicStar, LLC (ClassicStar) mare lease program, and the subsequent attempt of GeoStar, ClassicStar and/or related entities to substitute the mare lease interests with unsuitable alternatives, such as interests in non-thoroughbreds and/or mining interests or stock options. *See In re ClassicStar Mare Lease Litigation*, 528 F.Supp.2d 1345 (J.P.M.L. 2007).

Plaintiffs argue against transfer that, *inter alia*, this action should be excluded because it contains facts independent of MDL No. 1877 and that transfer will delay the progress of their action. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[*] Judge Vratil did not participate in the decision of this matter.

I certify that this is a true and correct
copy of the original filed in my office.
LESLIE G. WHITMER, CLERK

By: _M. Buchanan_

Date: DEC 04 2008

-2-

Should the circumstances regarding any action in MDL No. 1877 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, and accordingly the transferee court deems Section 1407 remand of any claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Kentucky and, with the consent of that court, assigned to the Honorable Joseph M. Hood for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil*         David R. Hansen
W. Royal Furgeson, Jr.